IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA FOLEY, | : | 3:16cv2018 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
|     v. | : | |
| | : | |
| ALLIED SERVICES FOUNDATION, | : | |
|     Defendant | : | |

**MEMORANDUM**

Plaintiff Lisa Foley (hereinafter "plaintiff") alleges defendant violated her rights under the Americans with Disabilities Act, 42 U.S.C. §§ 1201 et. seq. (hereinafter "ADA") and the Pennsylvania Human Relations Act (hereinafter "PHRA"), 43 Pa. Cons. Stat. Ann. § 955, by subjecting her to an unwarranted drug test, placing her on administrative leave for about one (1) month, and then terminating her employment because of her disability. (Doc. 25, am. compl. ¶¶ 12, 38-39).

Plaintiff alleges she suffers from temporomandibular joint and muscle disorder (hereinafter "TMJ"), which can cause jaw pain, headaches, and slurred speech or a lisp. (Id. ¶ 13). Before the court for disposition is Defendant's, Allied Services Foundation's, motion to dismiss for lack of prosecution. (Doc. 29). For the reasons that follow, we will grant the motion to dismiss.

**Background**

Plaintiff was hired in December 2015 as an LPN/charge nurse. (Doc. 25, am. compl. ¶ 12). Plaintiff hasTMJ, and as a result, she is limited in some life activities including eating (at times) and apparent speech impediments. (Id. ¶¶ 13,14). The record indicates plaintiff is inordinately thin due to her periodic inability to eat. (Id. ¶ 15). After beginning orientation with another nurse identified in the complaint only as "Rose," plaintiff alleges she was demeaned and discriminated against. (Id. ¶¶ 16,17). The complaint sets forth an example where plaintiff was eating cookies and Rose asked plaintiff if she was going to vomit after eating, implying she had an eating disorder indicated by her thinness. Plaintiff alleges that, at another time, Rose accused her outright of having anorexia. (Id. ¶ 17).

Despite passing a drug test, a delay in obtaining the results,[1] defendant's doctor clearing her for work as an LPN while taking her medication, plaintiff's personal doctor certifying her as fit to work, as well as defendant's assurances that she would be able to return to work, defendant nonetheless fired plaintiff on January 21, 2016, allegedly due to "being mean to a patient and refusing to give a patient a suppository." (Doc 25 ¶¶ 32-39). Plaintiff alleges the reasons for

---

[1] Plaintiff heard nothing from defendant from December 29, 2015 through January 7, 2016 regarding her drug tests or returning to work. (Doc. 25 ¶ 33).

termination are pretextual, and instead, defendant fired her unlawfully because of her disability. Id. ¶ 40).

Thus, plaintiff filed her complaint on October 4, 2016. Defendant has been served, (Doc. 6), and its answer has been filed (Doc. 8). Case administration deadlines are in place. (See Doc. 13, case management order). Thereafter, plaintiff's counsel filed two (2) motions to withdraw from the case based upon inability to contact plaintiff (Docs. 16 & 27). Neither motion was accompanied by an entry of appearance by new counsel. Accordingly, we denied both motions to withdraw (Docs. 18 & 28).

Counsel advised the court that his diligent attempts to contact plaintiff, including making fifteen (15) telephone calls and leaving voice messages, sending emails and sending certified letters, had proved fruitless. (Doc. 16, mot. To withdraw ¶ 4). One telephone call "was received by a male individual who confirmed Plaintiff's phone number and address, and indicated that he would relay to Plaintiff that she was to contact [counsel] immediately." (Id. at ¶ 5). Finally, counsel's attempts to contact plaintiff via email and certified mail were also for naught.

Plaintiff's counsel filed a letter on April 26, 2017, requesting a discovery deadline extension and advising the court that he had re-established contact with Plaintiff Lisa Foley, thus allowing the parties to move forward with the case (Doc.

21). Subsequently, Ms. Foley went underground once again, leading her counsel to file a second motion to withdraw as her attorney on August 1, 2017 (Doc. 27). We denied counsel's motion (Doc. 28).

Defendant filed a motion to dismiss and brief in support on October 30, 2017. (Docs. 29 & 30). In response, plaintiff's counsel filed a letter detailing his attempts to contact plaintiff, all of which have been in vain, and positing that he cannot take a position on defendant's motion to dismiss (Doc. 31), hence bringing the case to its current posture.

**Jurisdiction**

As this case is brought pursuant to the ADA for unlawful employment discrimination, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

**Discussion**

With respect to a plaintiff's duty to prosecute, the law provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal order under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

4

FED. R. CIV. P. Rule 41(b)

The Supreme Court has recognized that federal district court judges may dismiss a case for the plaintiff's failure to prosecute. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." Link v. Wabash R.R. Co., 370 U.S. 626, 629, (1962). In fact, a district judge may, *sua sponte,* without notice to the parties, dismiss a complaint for lack of prosecution as a matter of the judge's discretion. Taub v. Hale, 355 F.2d 201, 202 (2d Cir. 1966), cert. denied, 384 U.S. 1007, 86 (1966); Zielinski v. United States, 120 F.2d 792 (2d Cir. 1941); West v. City of New York, 130 F.R.D. 522, 526 (1990).

"It is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with prejudice as a sanction for his unjustified conduct. Dismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by plaintiff." See e.g., Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982); Messenger v. United States, 231 F.2d 328, 331 (2d Cir.1956); West, 130 F.R.D. at 526; Charles Labs, Inc. v. Banner, 79 F.R.D. 55, 57 (S.D.N.Y.1978).

Here, we find that plaintiff's counsel has done his due diligence to secure plaintiff's personal cooperation and involvement in her own case. Why she has failed to prosecute this matter is not known, but her failure to do so is plain on the

face of the record. Meanwhile, defendants have incurred fees and costs responding to plaintiff's discovery, but plaintiff herself, rather than her counsel, has not been forthcoming with discovery simply because she is unresponsive.

**Conclusion**

After a careful review, we find that dismissing the plaintiff's amended complaint (Doc. 25) with prejudice and without costs is proper in this case. Thus, we will grant defendant's motion to dismiss. (Doc. 29). An appropriate order follows.

**Date: November 27, 2017**     **James M. Munley**
                                **JUDGE JAMES M. MUNLEY**
                                **United States District Court**